concern. Nor is any inference of such authority to be drawn from Meyer's position in defendant's employ.

[2] It may be, as plaintiff contends, that he believed that he was acting as defendant's servant in assisting in shipping the piano; but that cannot serve to fasten liability on defendant. Furthermore we are of opinion that plaintiff wholly failed to bear the burden of establishing his own freedom from contributory fault or negligence. The size and weight of the piano were apparent to him, and he should have been able to form a judgment for himself as to whether or not two men could safely handle it. The accident was probably due to his own maladroitness, or that of his fellow servant, the driver.

It is not necessary to consider on this appeal in whose employ the plaintiff was acting when the accident happened. It is sufficient that he was not then acting as defendant's servant.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

## GOLDREYER v. FOLEY.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. MOTIONS (§ 19*)—NOTICE—NECESSITY.

   Neither Code Civ. Proc. § 780, providing that, where special provision is not otherwise made by law or the general rules of practice, notice of a motion, if necessary, must be personally served, nor general rule of practice 37, relating to notice of argument and of motions, defines the cases in which notice is required, and whether notice should be given to the adverse party is dependent in part on the particular facts presented under which the application is made.

   [Ed. Note.—For other cases, see Motions, Cent. Dig. § 14; Dec. Dig. § 19.*]

2. MOTIONS (§ 59*)—FAILURE TO SERVE NOTICE—EFFECT.

   Where a motion is made ex parte, and from the nature of the application the adverse party should have received notice, the order granting the motion is merely irregular, and may be vacated.

   [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 73–81; Dec. Dig. § 59.*]

3. EXECUTION (§ 450*)—EXECUTION AGAINST PERSON—DISCHARGE—VOID DISCHARGE—LIABILITY OF SHERIFF.

   The failure to give notice to the judgment creditor of the application for the discharge, under Judiciary Law (Consol. Laws 1909, c. 30) § 775, of the judgment debtor adjudged guilty of contempt, and fined the amount of the judgment and costs, and confined to jail until payment or discharge, does not render the order of discharge void for want of jurisdiction; but the order protects the sheriff acting thereunder, though orderly practice requires the giving of notice.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1292–1305; Dec. Dig. § 450.*]

Appeal from Trial Term, New York County.

Action by Charles A. Goldreyer against Thomas F. Foley. From a judgment for defendant, plaintiff appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The following is the opinion of Greenbaum, J., at Trial Term:

This is an action against a sheriff of the county of New York for an escape. On November 1, 1907, the plaintiff recovered a judgment of $1,487.50 in the City Court of the City of New York against one Vincent C. Currier and another, and upon the return of execution unsatisfied instituted proceedings supplementary to execution against the defendant Currier. In the course of these proceedings an order was entered requiring the judgment debtor to deliver certain property within a time therein specified to the receiver appointed in the proceedings. The judgment debtor failed to obey this order, and upon motion of the judgment creditor a further order was entered directing the judgment debtor to turn over the property in question, or, in default thereof, that the motion to punish for contempt be granted. Thereafter, on June 9, 1908, upon proof of the debtor's noncompliance with the order, an order was entered adjudging the debtor guilty of contempt, fining him the amount of the judgment and costs of the proceedings, and directing that he be confined to jail until such fine be paid or discharged according to law. Upon appeal by the debtor this order was affirmed. On the 24th of March, 1909, the debtor was taken into custody by the sheriff and lodged in jail. On the 23d of April, 1909, the debtor moved ex parte and without the knowledge of the plaintiff to one of the justices of the City Court of the City of New York for an order discharging him from imprisonment, and by order entered on that date the motion was granted. Acting thereunder the sheriff discharged the debtor from jail.

[1] The sole question presented is whether the failure to give notice of the application for a discharge to the judgment creditor rendered the order void for lack of jurisdiction, and therefore insufficient to protect the sheriff in acting thereunder, or whether such failure constituted merely an irregularity, which might be sufficient ground for the vacation of the order upon direct motion. In discharging the judgment debtor the court acted under the authority of section 775 of the Judiciary Law (Consol. Laws 1909, c. 30), which provides as follows: "Where an offender, imprisoned as prescribed in this article, is unable to endure the imprisonment, or to pay the sum, or perform the act or duty required to be paid or performed in order to entitle him to be released, the court, judge or referee, or, where the commitment was made as prescribed in section 2457 of the Code of Civil Procedure, the court out of which the execution was issued, may, in its or his discretion, and upon such terms as justice requires, make an order directing him to be discharged from the imprisonment." This section does not provide for notice to the judgment creditor, and there is no specific provision of the Code or general rules of practice requiring that notice be given of an application of this nature. Neither section 780 of the Code of Civil Procedure nor rule 37 of the general rules of practice defines the cases in which notice of motion is required. Shaw v. Coleman, 54 N. Y. Super. Ct. 3, 5, 6; Matter of Salmon, 34 Misc. Rep. 251, 253, 69 N. Y. Supp. 215. Whether notice of motion should be given to the adverse party is dependent in part upon the particular facts presented and the circumstances under which the application is made. Matter of Salmon, supra.

[2, 3] Where the motion is made and determined ex parte, in a case where from the nature of the application the adverse party should have received notice, the order is merely irregular, and may be vacated. Shaw v. Coleman, supra; Matter of Salmon, supra; Tweedy v. U. S. Life Ins. Ass'n (Com. Pl.) 33 N. Y. Supp. 412; Pinckney v. Hagerman, 4 Lans. 374, affirmed 53 N. Y. 31. In Pinckney v. Hagerman, supra, the action was brought against the sheriff for the escape of one Wagner, who was confined within jail limits under a body execution issued upon a judgment of the Supreme Court in plaintiff's favor in an action for breach of promise of marriage. Upon the application of Wagner an order was made ex parte at a Special Term of the Supreme Court setting aside the execution and discharging him from jail limits. It was contended in part by the plaintiff that the failure to give notice of the motion to vacate the execution rendered the order void for lack of jurisdiction. The court said: "The motion for the order was made without notice.

For this reason, also, it was irregular, for by the Code the motion should have been made upon notice. Code, § 414. But the want of notice, I apprehend, did not deprive the court of jurisdiction to make the order. This question has been decided, both as to the effect of want of notice and of the motion being made in the wrong county, in Blackmar v. Van Inwager, 5 How. Prac. 367, where it was held that there was for those reasons no want of jurisdiction in the court, and that the order was good till vacated or set aside. The same was held in Geller v. Hoyt, 7 How Prac. 265. These are Special Term cases, but I agree with them in holding that, the court having by the Constitution general jurisdiction, its orders in cases pending therein entertain the application without notice to the judgment creditor, I am unable are within its jurisdiction, however irregular they may be in practice."

While I am of opinion that orderly practice and a due regard for the rights of the judgment creditor should have constrained the court to decline to to discover any absence of jurisdiction in the court to make the order, and it follows, therefore, that the sheriff was required to obey the directions therein contained, and was completely justified thereunder in discharging the judgment debtor from imprisonment.

Judgment for defendant, with costs.

M. Slade, of New York City, for appellant.
V. Taylor, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Greenbaum, J. Order filed.

---

### SPERRY v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. CONVERSION (§ 11*)—CORPUS OF TRUST ESTATE—PERSONALTY.

An owner of an undivided interest in the estate of a testator executed a deed of trust conveying his interest consisting principally of real estate to trustees for a specified purpose. The executor of testator exercised his power and converted all the property into cash and paid the same to the trustees. *Held,* that the corpus of the trust estate was personalty, because the act of the executor in converting the realty into cash operated as a legal and actual conversion of real estate into personalty.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 19–24; Dec. Dig. § 11.*]

2. TRUSTS (§ 59*)—REVOCATION—"PERSON BENEFICIALLY INTERESTED."

The creator of a trust in personalty, whereby she grants to trustees her estate to receive the income and pay the same to her for life and deliver the corpus to persons as she may designate by will, is the only person beneficially interested in the trust within Personal Property Law (Consol. Laws 1909, c. 41) § 23, declaring that, on the written consent of all the persons beneficially interested in a trust, the creator may revoke it in whole or in part, and she may revoke the trust in part.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

Submission of controversy on an agreed statement of facts by Ida Harriet Sperry against the Farmers' Loan & Trust Company and another, individually and as surviving trustee under a deed of trust made by Ida Harriet Sperry. Judgment for plaintiff.

On or about October 28, 1902, the plaintiff was the owner of an undivided interest in the estate of Hosea B. Perkins, deceased, and while such owner executed a document, denominated a deed of trust, which she delivered to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes